**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Fujian MA, | Case No.: 26-cv-3543-AGS-SBC |
| Petitioner, | |
| v. | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND MOTION TO APPOINT COUNSEL** |
| Todd BLANCHE, et al., | |
| Respondents. | |

Petitioner, a self-represented detainee, challenges his immigration custody through a habeas corpus petition. In support, he's requested the Court waive the filing fee and appoint counsel. Both requests are granted.

Typically, parties seeking a writ of habeas corpus in a United States district court must pay a $5 filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed without payment of fees only if the court grants the plaintiff leave to proceed IFP. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) (holding that when an "IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid"). Although the filing fee is only $5, petitioner claims to have "0.00" in wages and listed "none" for all other assets. (ECF 2, at 1–2.) Since it is clear petitioner cannot afford the filing fee, his IFP request is granted.

Petitioner also requests appointed counsel in support of his habeas corpus petition. (*See* ECF 3). Courts may appoint an attorney for an "impoverished habeas petitioner" when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts evaluate an indigent petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Although the exact contours of

petitioner's claim is difficult to discern—he repeatedly says "[m]ore than six months have passed since the apprehension of Petitioner" but also claims to have only been "in ICE custody since 5-22-2026" (ECF 1, at 2)—the potential merit to a complicated *Zadvydas* claim coupled with his apparent struggle to adequately explain his case convinces the court that counsel is warranted. *See United States v. Ahumada Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002) (noting that immigration law is "second only to the Internal Revenue Code in complexity" (quotation marks omitted)); *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020) ("Divining [the immigration laws'] meaning is ordinarily not for the faint of heart."). The Court provisionally appoints Federal Defenders of San Diego, Inc., to initially determine if petitioner qualifies for representation by that organization. The Clerk is directed to forward a copy of this order to Federal Defenders.

By July 1, 2026, Federal Defenders must submit a notice to the Court concerning whether it can and will accept the appointment. By that same date, Federal Defenders must also state whether, under Chief Judge Order 134, it "requests to file supplemental briefing."

Dated:  June 17, 2026

_____

Hon. Andrew G. Schopler
United States District Judge

26cv3543-AGS-SBC